I C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

RECEIVED

SEP 10 2024 SMB

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| **LaQuita Walker** <br> In care of 1604 Belleview Avenue <br> Village of Rockdale/County of Will <br> Republic of Illinois [60436] <br> (815) 557-6614 <br><br> Petitioner, Self-Represented, <br><br> -vs- <br><br> **JUAN GUZMAN**, sued in his individual <br> and personal capacity as the Property <br> Owner/Landlord of the Real Property <br> known as1604 Belleview Avenue, Village <br> of  Rockdale, Illinois <br>  319 Central Avenue <br> Village of Rockdale, Illinois 60436 <br>  (779) 435-9684 <br><br> **MEGAN M. OLSON,** sued in her official <br> capacity as an Attorney At-Law with the <br> Law Firm known as **TRACY, JOHNSON** <br> **& WILSON** <br> 2801 Black Road, Second Floor <br> Municipality of Joliet, Illinois 60435 <br> (815 723-8500 <br><br> **OTHERS**, sued in their individual and <br> official capacities whose personal names <br> professional occupations and current <br> address of record are not currently known, <br><br> Respondents. | 24cv8236 <br> Judge Joan B. Gottschall <br> Magistrate Judge M. David Weisman <br> RANDOM <br> CAT2 <br><br> JURY TRIAL DEMANDED <br><br> AMOUNT IN CONTROVERSY <br> **In excess of \$75,000.00** <br><br><br><br> **VERIFIED ORIGINAL COMPLAINT** |

The brackets `)` run down the center separating the caption parties from the case information.

## VERIFIED ORIGINAL COMPLAINT

**COMES NOW** the Self-Represented Petitioner, LaQuita Walker, by and through her natural self, LaQuita of the Walker family, reserving all rights and waiving none, ever, and complains of defendant Juan Guzman, as well as complains of defendant Megan M. Olson, and complains of others whose personal names, occupations and addresses of record are unknown at this current time.

## I.

## PRELIMINARY STATEMENT

1. This conspiracy to interfere with and discriminate against rights to enforce contract, and to interfere with and discriminate against rights to lease real property violation claim is being brought forth pursuant to the right to enforce contract enumerated activity of Title 42 U.S.C. Section 1981(a), and the right to lease property enumerated activity of Title 42 U.S.C. Section 1982, by way of Title 42 U.S.C. Section 1985(3) Conspiracy to Interfere with Rights, and the Equal Protection of the Laws clause of the 14th Amendment of the Constitution for the United States of America, seeking Compensatory, Discretionary, General and Punitive damage judgment against respondent Juan Guzman, as well as against respondent Megan M. Olson, and against respondent Others whose personal names, professional occupations, and addresses of record and employment are unknown at this current time.

I, petitioner Walker, contend that there has never existed probable cause or any other lawful justification for defendant Guzman, acting through defendant Olson, to cause me, petitioner Walker to be served with the July 9, 2024 dated 30-Day Notice To Terminate

2.

Tenancy of Less Than One Year [735 ILCS 5/9-207(b)], as well as there has never existed any probable cause or any other lawful justification for the daughter of defendant Guzman to cause me, petitioner Walker, to be presented with the August 6, 2024 prepared Addendum To Rental Agreement Document designed to interfere with and discriminate against my right to enforce the November 30, 2022 entered into Rental Agreement (the "Contract), and to interfere with and discriminate against my right to lease the real property known as 1604 Belleview Avenue, located in the Village of Rockdale/ County of Will, Illinois.

I, petitioner Walker further contend that the collective action on the part of defendant Guzman, defendant Olson, and defendant others were motivated by racial animus, as well as were motivated by an intent to interfere with and deprive me of my Inherent and Inalienable Right to the pursuit of Life, Liberty and Happiness, and I, petitioner Walker, honestly and in good faith believe that I am entitled to U.S. Federal Court remedial action.

## II.

## JURISDICTIONAL STATEMENT

2. This violation claim is brought forth pursuant to the right to enforce contract enumerated activity of Title 42 U.S.C. Section 1981(a), and the right to lease property enumerated activity of Title 42 U.S.C. Section 1982, by way of Conspiracy to Interfere with Rights clause of Title 42 U.S.C. Section 1985(3), and by way of the Equal Protection of the Laws clause of the Fourteenth Amendment of the Constitution for the United States of America. Jurisdiction is founded upon Title 28 U.S.C. Section 1331, 1343(3) and (4) in that U.S. District Court are authorized to exercise subject matter jurisdiction over all claims arising under the Laws and the Constitution for the United States of America.

3.

## III.

## VENUE STATEMENT

3.    Venue is proper in this district pursuant to Tile 28 U.S.C. Section 1391(b)(1)(2) in that the Northern District of Illinois Eastern Division is where a substantial part of the events or omissions giving rise to the complained of violation claims of this action occurred, and is the district where defendant Guzman, as well as defendant Olson, defendant others whose personal names, professional occupations and current address of record resides and are employed.

## IV.

## PARTIES

4.    The Plaintiff, **LAQUITA WALKER** (At all relevant times referred to as petitioner "Walker" at all times mentioned hereinafter) is a United States Black American Negro female citizen by virtue of having been born in the Municipality of Joliet, Illinois, and she is the current lessee of the real property known as 1604 Belleview Avenue located in the Village of Rockdale/County of Will, Illinois.

5.    The Respondent, **JUAN GUZMAN** (At all relevant times referred to as respondent "Guzman" at all times mentioned hereinafter) is the Landlord/Property Owner and lessor of the real property known as 1604 Belleview Avenue located in the Village of Rockdale/County of Will, Illinois. When engaged in the conduct complained of did so while serving as the Landlord/Property owner and lessor of the real property known as 1604 Belleview Avenue located in the Village of Rockdale/County of Will, Illinois. Respondent Guzman is being sued in his individual and personal capacity.

4.

6.     The Respondent, **MEGAN M. OLSON** (At all relevant times referred to as respondent "Olson" at all times mentioned hereinafter) is a Illinois ARDC registered Attorney At-Law, and she is the contracted attorney/legal representative for respondent Guzman. When engaged in the conduct complained of did so while functioning as the legal representative of respondent Guzman. Respondent Olson is being sued in her individual and personal capacity as an Attorney At-Law employed by the Law Firm known as TRACY JOHNSON & WILSON.

7.     The Respondent, **OTHERS** whose personal names, professional career, and current address of record is unknown at this present time (At all relevant times referred to as respondent "Others" at all times mentioned hereinafter). When engaged in the conduct complained of did so while acting outside of and in excess of their official duties as agents, servants and/or employees of the Village of Rockdale/County of Will, Illinois. Respondent Others are being sued in their individual and personal capacities.

**V.**

**FACTS COMMON TO ALL COUNTS**

**DECLARATION OF LAQUITA WALKER**
**PURSUANT TO TITLE 28 U.S.C. SECTION 1746**

8.     I, LaQuita Walker, declare if called upon could testify to the following facts from my own personal knowledge.

9.     I recall that on 30th day of November 2022, I enter into the annual renew Rental Agreement (the Contract) with respondent Guzman for tenant occupancy of the real property known as1604 Belleview Avenue, located in the Village of Rockdale/County of Will, Illinois.

5.

10. The terms and conditions of the rental agreement (the "Contract" included but not limited to amount of late fee charges, as well as the amount of security deposit, and amount of monthly rental payment. (A true and accurate copy of the November 2022 rental agreement is attached and hereto and made part of this verified complaint label as Exhibit 1).

11. I recall that during the time period November 22, 2022 through to the present date timely rental payments were made to respondent Guzman, and there was never any physical damages either to interior, or to the exterior of the rental property.

12. I recall that on or about 3rd of July 2024, respondent Guzman contacted me via telephone inquiring about the availability of the monthly rent. I further recall respondent Guzman informing me, petitioner Walker, about his being under pressure from the Mayor of Rockdale along with the Police to evict me, petitioner Walker, from the rental property. I further recall respondent Guzman not affording me, petitioner Walker, with any type of explanation concerning the reason and/or reason(s) why the Mayor of Rockdale, along with the local Police placed him under some type of pressure to evict me, petitioner Walker, from the rental property.

13. I recall that on the 6th day of July, respondent Guzman, while engaging in some grounds maintenance around the property. He, respondent Guzman subsequently removed the freon from the central air condition unit attached to the rental unit, and he, respondent Guzman, informed me, petitioner Walker, that I have vacate the rental property that his hands were tied. I further recall respondent Guzman failing to afford me, petitioner Walker, with a specific reason for causing me, petitioner Walker, to surrender over the rental property to respondent Guzman.

6.

14. I recall that on or about 9th day of July 2024, respondent Guzman acting through respondent Olson of Law Firm TRACY JOHNSON & WILSON, acting without probable cause or any other lawful justification cause me, petitioner Walker, to be serve with 30-Day Notice To Terminate Tenancy of Less Than One Year [735 ILCS 5/9-207(b). The notice did not set forth any breaching of the terms and conditions of the November 30, 2022 entered into Rental Agreement as the bases for issuing the 30-Day Notice to Terminate Tenancy requiring of me, petitioner Walker, to surrender over the rental property by the 31st day of August, 2024. (A true and accurate copy of the 30-Day Notice To Terminate Of Less Than One Year, is attach hereto and made part of this verified compliant labeled Exhibit 2).

15. I recall that on or about the 17th day of July, 2024, in response to respondent Olson's July 9, 2024 issued 30-Day Notice. I, petitioner Walker, submitted a written request to respondent Olson seeking to be afforded with clarification of bases for the July 9, 2024 issued Notice To Terminate which set forth seven (7) days upon receipt of the request for clarification in order for her, respondent Olson, to prevent the filing of this Title 42 U.S.C. Section 1981(a) and Title 42 U.S.C. Section 1982 violation claim (A true and accurate copy of the July 17, 2024 submitted Request for Clarification of Bases For the July 9, 2024 issued 30-Day Notice To Terminate Tenancy is attached hereto and made part of this verified complaint labeled Exhibit 3).

16. I recall that rather than providing the information sought in my July 17, 2024 submitted Request for Clarification. Respondent Olson via USPS, mailed me a duplicate copy of the July 9, 2024 submitted 30-Day Notice To Terminate Tenancy Of Less Than One Year document (A true and accurate copy of respondent Olson's mailed duplicate

7.

copy of the 30-Day Notice To Terminate Tenancy Of Less Than One Year is attached hereto and made part of this verified original complaint labeled Exhibit 4).

17. I recall that on the 3rd day of September, 2024, respondent Guzman, arrived at the rental property and inquired of me, petitioner Walker, about my continued occupancy of the rental property after receiving the July 9, 2024 issued 30-Day Notice To Terminate Tenancy of Less Than One Year.

18. I recall, in responding to respondent Guzman's inquiry about my continued occupancy of the rental property. I informed respondent Guzman that it was my preference to continue tenant occupancy of the rental property based upon my never having had breached any of the terms and conditions of the November 30, 2022 entered into Rental Agreement (the "Contract"). I, petitioner Walker equally informed respondent Guzman that I had the monthly required rent money available for him, after which he, defendant Guzman, stated he would contact me the next day by telephone.

19. I recall that on or about the 4th day of September, 2024, I, petitioner Walker, received a telephone call from the daughter of respondent Guzman who verbally communicated to me that they would like to make some sort of agreement with me concerning my continued tenant occupancy of the rental property. I, petitioner Walker, informed the daughter of respondent Guzman that it was my preference to continue tenant occupancy in rental property based upon my never having had breached any of the terms and condition of the November 30, 2022 entered into Rental Agreement (the "Contract").

20. I, petitioner Walker, recall that the daughter of respondent Guzman that she was not personally knowledgeable of all that was going on, and that respondent Guzman didn't understand what was really going on.

8.

21. I, petitioner Walker, recall the daughter of respondent Guzman stating she would type up a Contractual Agreement to present to me, petitioner Walker, for my review and consideration.

22. I, petitioner Walker, recall the daughter of respondent Guzman further indicating that the matter could be brought forth before the state court for adjudication.

23. I recall that on or about the 6th day of September, 2024. The daughter of respondent Guzman arrived at the rental property and presented me with a document titled, ADDENDUM TO RENTAL AGREEMENT directed to the Rental Agreement of November 30, 2022, which among other things, made several false claims which did not represent any part of the telephone conversation occurring on September, 2024, vas well as were not represented in the November 30, 2022 entered into Rental Agreement (the "Contract") (_See_ paragraphs 4 - 6 of the September 6, 2024 submitted Addendum to Rental Agreement of November 30, 2022 attached to this verified complaint labeled Exhibit 5).

24. I, petitioner Walker, recall that during the September 6, 2024 action on the part of respondent Guzman's daughter. Respondent Guzman refused to accept the required rental monies for the months of August and September, 2024, unless I signed off in agreement on the August 6, 2024 provided Addendum To Rental Agreement document.

25. I, petitioner Walker, declare under penalty of perjury under the Laws of the Republic of Illinois that all of the above statements are true and correct.

26. I petitioner Walker, further declare under penalty and perjury that the documents attached to this original complaint cited as Exhibits 1 – 5 represent the actual documents they purport to be and should be able to be found in the daily business records under the control of respondent Olson of the Law Firm known as TRACY JOHNSON & WILSON

9.

located at 2801 Black Road, Second Floor, in the Municipality of Joliet, Illinois.

FURTHER DECLARANT SAITH NOT:

Executed on __9/10/24__                    _____
                                                                    Declarant

## VI.

## STATEMENT OF CLAIMS

## COUNT I

**Title 42 U.S.C. Section 1985(3) Conspiracy to Interfere With and Discriminated Against Rights under the Right to Enforce Contract enumerated activity of Title 42 U.S.C. Section 1981(a), and to Interfere With and Discriminate Against Rights to Lease Propery enumerated activity of Title 42 U.S.C. Section 1982 - Fourteenth Amendment Equal Protection of the Laws clause Violation Claim (DEFENDANTS JUAN GUZMAN, MEGAN M. OLSON and OTHERS)**

27.    I, petitioner Walker, repeat and relleges paragraphs 1 – 26 of this verified original complaint as though fully set forth as paragraphs 1 - 26 and made paragraph 27 of Count I of this verified original complaint.

28.    As detailed above, respondents Guzman, Olson and Others, conspired and agreed among themselves to act in collusion to perform various lawful acts for unlawful purposes pursuant to and in the furtherance of a scheme to misuse the proper use of 735 ILCS 5/9-207(b).

29.    In doing so, respondent Juan Guzman, as well as respondent Megan M. Olson, and respondent Others, were motivated by discriminatory-based racial animus against me, petitioner Walker.

30.    As detailed above, respondent Juan Guzman, as well as respondent Megan M. Olson, committed various overt acts pursuant to and in the furtherance of the conspiracy

10.

and scheme of respondent Others to interfere with and discriminate against petitioner Walker's right to enforce contract, and to lease real property, and, as such, is tantamount to a violation of right to enforce contract enumerated activity under Title 42 U.S.C. Section 1981(a), and is tantamount to a violation of the right to lease real property enumerated activity under Title 42 U.S.C. Section 1982, and is tantamount to a violation of the Equal Protection of the Law clause of the Fourteenth Amendment of the Constitution for the United States of America, and Title 42 U.S.C. Section 1985(3).

31.    As a direct and proximate result thereof, I petitioner Walker, was injured, including being discriminated against being afforded the full and equal benefit of continued occupancy of the 1604 Belleview Avenue property, as accorded to other non-Black American Negro tenants whom have entered into Rental Agreements with respondent Guzman, and I suffered being psychologically and mentally intimidated into involuntarily and unwarrantedly surrendering over the 1604 Belleview Avenue property back over to respondent Guzman per the particular terms and conditions of the August 6, 2024 conjured up Addendum To Rental Agreement, and I suffered the trespassing of my rights under Article 1 Bill of Rights, Articles 1 Section 1 and Section 17 of the Illinois Constitution, and I suffered great emotional distress, as well as great mental anguish, and great mental pain, and I suffered interference with and discrimination against my rights under the right to enforce contract enumerated activity of Title 42 U.S.C. Section 1981(a), as well as suffered interference with and discrimination against my rights under the right to lease property enumerated activity of Title 42 U.S.C. Section 1982, and I suffered being deprived of my right to be free of conspiracies to interfere with and deprive me of fully exercising my rights under Title 42 U.S.C. Section 1981(a) and Section 1982, as guaranteed under Title

11.

42 U.S.C. Section 1985(3) and the Equal Protection of the Laws guaranteed under the Fourteenth Amendment of the Constitution for the United States of America, as described above, all to my damage, for which respondent Guzman, as well as respondent Olson, and respondent Others . ought to be held tortuously liable.

**WHEREFORE,** I, petitioner LaQuinta Walker, respectfully beseeches this Honorable Court to adjudge and decree that respondent Juan Guzman, as well as respondent Megan M. Olson, and respondent Others have engaged in the conduct alleged herein, in violation of Title 42 U.S.C. Section 1981(a), Title 42 U.S.C. Section 1982, and Title 42 U.S.C. Section 1985(3), and award me, petitioner Walker, TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) in Compensatory damages, TEN THOUSAND DOLLARS ($10,000.00) in Discretionary damages, TEN THOUSAND DOLLARS ($10,000.00) in General damages, jointly and severally, against respondent Juan Guzman, as well as against respondent Megan M. Olson, and against respondent Others, as well as award me, petitioner Walker, SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in Punitive damages, jointly and severally, against respondent Juan Guzman, as well as against respondent Megan M. Olson, and against respondent Others, plus the cost of this action, and any additional and further relief as this Court deems fair, just and equitable.

## JURY TRIAL DEMAND

32.   I, petitioner Walker, request a trial by a petit jury on all triable issues in this matter.

## RESERVATION OF RIGHTS

33.   I, petitioner Walker, reserve the right to amend this verified original complaint to add additional respondents, and to add additional claims, if after the close of full fact discovery my further investigation so merit.

12.

Respectfully submitted

By _____

LaQuita of the Walker family
Petitioner, Self-Represented

:LaQuita :Walker
In care of 1604 Belleview Avenue
Village of Rockdale/County of Will
Republic of Illinois  [60436]
Real Land North America
(815) 557-6614

13.

# RENTAL AGREEMENT

The Tenant(s) known as

1604 Belleview Ave Rockdale, IL 60436 , hereby agree to rent the dwelling located at
. The premises are to be occupied by the above named tenants only. Tenant may not sublet premises.

**TERM**
The term shall commence on December 1st, 2022 , at $ 1150 per month payable on the 1st of each month in full.

**LATE FEES**
In the event rent is not paid by the 5th day after due date, Tenant agrees to pay a late charge of $ 75
After 10 days = $130
**UTILITIES**
Tenant shall be responsible for the payment of the following utilities: water, electric, gas, heating fuel, telephone.

**APPLIANCES**
Appliances provided in this rental are: stove, refrigerator, dishwasher, washing machine, dryer, and air conditioner. Repairs will be borne by said Tenants if damage is due to negligence of Tenants.

**SECURITY**
Amount of security deposit is $ 1150 . Security shall be held by Landlord until the time said Tenants have vacated the premises and Landlord has inspected it for damages. Tenant shall not have the right to apply security deposit in payment of any rent. Security deposits must be raised proportionately with rent increases.

**INSURANCE**
Tenant is responsible for liability/fire insurance coverage on premises. Tenant agrees to obtain a "Renter's Insurance" policy and to provide Owner or agent with a copy of policy with seven (7) days of lease execution.

**NOTICES**
Should tenant decide to vacate the premises, a 30 day written notice to the landlord is required. Should landlord decide to have tenants vacated, a 30 day written notice is required. Tenant agrees to allow premises to be shown at any and all reasonable times for re-rental.

**REAL ESTATE COMMISSION**
(If applicable) In the even a commission was earned by a real estate broker, Tenant shall not take possession of the premises unless all fess due broker are paid in full as agreed. Commission is payable when this lease is signed by the Tenant(s). It is solely for locating the rental for the Tenant and is not refundable under any circumstances regardless of any disputes or conditions between the Landlord and Tenant before or after occupancy is taken.

**ACKNOWLEDGEMENT**
Tenants hereby acknowledge that they have read, understand and agree to all parts of this document, and have received a copy.

|  | AMOUNT RECEIVED | BALANCE DUE |
|---|---|---|
| RENT: | 1,150 | |
| SECURITY: | 1,150 | |
| BROKER'S FEE: | ~ | |

**THE UNDERSIGNED TENANT(S) ACKNOWLEDGES RECEIPT OF A COPY HEREOF.**

DATE: 11/30/2022

OWNER/LANDLORD Juan Guzman     TENANT
PHONE 779-435-9084          TENANT LaQuita Walker
PHONE                       PHONE 815 557 6614

Exhibit
1

## 30–DAY NOTICE TO TERMINATE TENANCY OF LESS THAN ONE YEAR
### [735 ILCS 5/9-207(b)]

**To:**   LaQuita Walker
And Any and All Unknown Occupants
1604 Belleview Avenue
Rockdale, IL 60436

**YOU ARE HEREBY NOTIFIED** the undersigned Landlord has elected to, and does hereby terminate your tenancy and possession of the premises which you now hold, situated in Rockdale, Will County, Illinois and described as follows 1604 Belleview Avenue, Rockdale, Illinois; termination to take effect on August 31, 2024 at 11:59 p.m., provided 30 days shall intervene between this service and that day; otherwise at the end of the term beginning next after this service.

You are further notified and required to quit the premises and deliver possession to your Landlord at that time.

Dated at Joliet, Illinois, 9th day of July, 2024.

Juan Guzman and Lourdes Guzman,
Landlords/Plaintiffs

By: _____
Duly Authorized Agent/Attorney

Megan M. Olson
ARDC #06313649
TRACY JOHNSON & WILSON
Attorneys for Plaintiff
2801 Black Road, Second Floor
Joliet, Illinois 60435
Phone No. (815) 723-8500

Exhibit
2

July 17, 2024

In care of 1604 Belleview Avenue
Village of Rockdale/County of Will
Republic of Illinois  [60436]
(815) 557-6614

**Juan Guzman and Lourdes Guzman**
**Landlords**
**c/o  TRACY JOHNSON & WILSON**
Attn:  Megan M. Olson. Attorney At-Law
2801 Black Road, Second Floor
Municipality of Joliet, Illinois  60435

> **RE:**  July 9, 2024 issued 30-Day Notice To Terminate Tenancy Of Less Than One Year
>
> **SUBJECT:**  Request for Clarification of Bases For the July 9, 2024 issued 30-Day
> Notice To Terminate Tenancy

Greetings Juan Guzman and Lourdes Guzman, Shalom:

This  notice  is to serve as confirmation of my being in personal possession of the document, in the above reference matter.

Based upon the lack of information disclosing the reason and/or reason(s) for issuing the 30-Day Notice To Terminate. I am requesting that you afford me with written clarification, as soon as it is humanly possible, as to the specific reason and/or reason(s) being used as justification to warrant the issuance of the July 9, 2024 issued notice.

By appearance, it seems as if the issuance of the July 9, 2024 issued Notice lack probable cause or any other lawful justification, as well as appears as if the July 9, 2024 issued Notice has been issued in violation of my American Civil Rights to be free of discrimination to make and enforce contract guaranteed under Title 42 U.S.C. Section 1981(a), as well as to be free of discrimination to lease property guaranteed under Title 42 U.S.C. Section 1982.

If you neglect to afford me with the requested information within seven (7) days of being in receipt of this request. Then, I will interpret that negligence as representing there not existing any legitimate bases for the July 9, 2024 issued Notice, and I will cause a Title 42 U.S.C. Section 1981(a), and a Title 42 U.S.C. Section 1982 violation claim to be commenced and continued in the appropriate U.S. District Court for Illinois.

Respectfully submitted in Peace and Friendship,

LaQuita Walker
Tenant/Lessee

Exhibit
3

## ADDENDUM TO RENTAL AGREEMENT

This Addendum to the Rental Agreement dated November 30, 2022 is made this 6th day of September, 2024, by and between LaQuita Walker, as Tenant, and Juan Guzman, as Landlord.

For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Tenant and Landlord hereby agree as follows:

1. The terms and conditions set forth in this Addendum to Rental Agreement ("Addendum") are incorporated into and made a part of the Rental Agreement dated November 30, 2022 for 1604 Belleview Avenue, Rockdale, Illinois, entered into between LaQuita Walker, as Tenant, and Juan Guzman, as Landlord ("Agreement"). To the extent of any inconsistency or conflict between the terms of the Lease and the terms of this Addendum, the terms of this Addendum shall control to the extent of any inconsistency.

2. The parties acknowledge that they entered into a month to month Rental Agreement on or about November 30, 2022. Landlord served a Notice to Terminate Tenancy upon Tenant on or about July 17, 2024, providing Tenant notice to vacate the property at 1604 Belleview Avenue, Rockdale, Illinois by August 31, 2024 at 11:59 p.m.

3. Tenant remains in possession of the property at 1604 Belleview Avenue, Rockdale, Illinois 60436.

4. The parties have discussed and agreed to extend the Rental Agreement for an additional three (3) months.

5. Tenant may continue to rent the property located at 1604 Belleview Avenue, Rockdale, Illinois 60436 for the months of September, October, and November of 2024. Tenant agrees to continue to timely pay rent to Landlord, including any and all late fees, as set forth by the original Rental Agreement.

6. Pursuant to the Rental Agreement, Tenant LaQuita Walker is the only tenant and occupant of the property located at 1604 Belleview Avenue, Rockdale, Illinois 60436. Tenant agrees she will not allow any other individuals to occupy or utilize the property during the extension of the Rental Agreement.

7. Tenant agrees that pursuant to this Addendum to the Rental Agreement, the Rental Agreement will terminate on **November 30, 2024 at 11:59 p.m.** Tenant agrees that she will vacate the property at 1604 Belleview Avenue, Rockdale, IL 60436 **on or before November 30, 2024 at 11:59 p.m.** Upon vacating the property, Tenant shall make arrangements with Landlord to turnover any and all keys for the property.



8. In the event Tenant fails to vacate the property by November 30, 2024 at 11:59 p.m., Tenant will be considered to be a tenant at sufferance and will be deemed to be trespassing on the property. Tenant's failure to vacate the property by the termination date **shall not** create any new tenancy interest in the property. Only the execution of a new lease agreement between the parties shall create a new tenancy. In the event Tenant remains in possession of the property after the termination of this Agreement, Landlord may file an eviction action immediately. In the event Landlord files an eviction action, Tenant shall be liable for any attorneys' fees and costs incurred by Landlord, along with damages in the amount of double the rental value of the property for the time Tenant continues to possess the property after the termination date.

**TENANT UNDERSTANDS THAT THIS IS A LEGAL DOCUMENT AND THAT SHE HAS BEEN GIVEN THE RIGHT TO CONSULT WITH AN ATTORNEY PRIOR TO SIGNING THIS DOCUMENT.**

**Agreed to by:**

_____

**Juan Guzman, Landlord**

**Date:** _____

_____

**LaQuita Walker, Tenant**

**Date:**_____

2