**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LaQUITA WALKER, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 24-cv-08236 |
| | ) |
| JUAN GUZMAN and | ) |
| MEGAN M. OLSON, | ) |
| | ) Judge Joan B. Gottschall |
| Defendants. | ) |

**DEFENDANT MEGAN M. OLSON'S MOTION TO DISMISS**

NOW COMES Defendant, MEGAN M. OLSON ("Olson"), by her attorneys, KONICEK

& DILLON, P.C., and moves this Court, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal

Rules of Civil Procedure, to grant her Motion to Dismiss the Amended Complaint with prejudice.

In support of this motion, Olson attaches a separate Memorandum of Law and states as

follows:

1.      Plaintiff's Amended Complaint purports to allege a §1985 conspiracy to interfere

with her §1981 and §1982 rights to contract and lease property.

2.      Plaintiff's claim arises from alleged actions, conduct, and orders entered in

Plaintiff's state court forcible entry and detainer/eviction proceedings and is directed against her

former landlord (Guzman) and Guzman's former attorney who initially represented Guzman in

that forcible entry and detainer action (Olson). Plaintiff seeks damages which purportedly flow

from the eviction order entered in that proceeding. Accordingly, Plaintiff's claim in this case is

barred by the *Rooker-Feldman* doctrine. *Johnson v. Orr*, 551 F.3d 564 (7th Cir. 2008); *Brown v.*

*Bowman,* 668 F.3d 437 (7th Cir. 2012); *Flowers v. Burton Wells, Ltd.,* 2002 WL 31307421, Case

No. 01-cv-9306 (N.D. Ill. 2002); *Rosewood Corp. v. Fisher,* 46 Ill.2d 249 (1970).

1

3.      Further, Plaintiff's §1985 conspiracy claim against Olson should be dismissed because Olson withdrew from representing Guzman prior to the forcible entry and detainer bench trial and prior to any eviction order being entered against Plaintiff. See *Moore v. Solanco School District,* 471 F.Supp.3d 640 (E.D. Penn. 2020) (§1985 conspiracy requires "actual legal damage"); *Indianapolis Minority Contractors Ass'n, Inc. v. Wiley*, 187 F.3d 743 (7th Cir. 1999); see generally *United States v. Read,* 685 F.2d 1225, 1233 (7th Cir. 1981) and *Morton's Market, Inc. v. Gustafson's Dairy, Inc.,* 198 F.3d 823 (11th Cir. 1999) ("Withdrawal marks a conspirator's disavowal or abandonment of the conspiratorial agreement. A conspirator who withdraws from the conspiracy is no longer a member of the conspiracy and the subsequent acts of the conspirators usually do not bind him.")

4.      Additionally, Plaintiff's §1985 conspiracy claim against Olson must fail because she has failed to demonstrate an underlying violation of her rights (i.e., there was no violation of Plaintiff's rights under §1981 or §1982). See *Indianapolis Minority Contractors Ass'n, Inc. v. Wiley*, 187 F.3d 743 (7th Cir. 1999) ("As a threshold matter, we note that the absence of any underlying violation of the plaintiffs' rights precludes the possibility of their succeeding on this conspiracy count.").

5.      Specifically, Plaintiff has failed to state a claim for a violation of §1981 and §1982 because she a) failed to establish any discriminatory intent and b) failed to establish that she was treated differently because of her race. *Amber Pyramid, Inc. v. Buffington Harbor Riverboats, L.L.C.,* 129 Fed.Appx. 292 (7th Cir. 2005) ("To establish a § 1981 claim, a plaintiff may proceed either by providing direct evidence of discrimination or by showing indirect evidence under the burden-shifting analysis of *McDonnell Douglas v. Green*. A M*cDonnell Douglas* analysis is undertaken in three stages, beginning with the plaintiff establishing a prima facie case for

2

discrimination. In a contract setting, the prima facie case consists of four elements. The plaintiff must show that it (1) is a member of a protected class, (2) satisfactorily performed the contract, (3) suffered an adverse action, and (4) was treated differently than another similarly situated contractor outside the protected class.") (citations omitted); *Comcast Corporation v. National Association of African American-Owned Media,* 589 U.S. 327, 336 (2020) ("If a § 1982 plaintiff must show the defendant's challenged conduct was 'because of' race, it is unclear how we might demand less from a § 1981 plaintiff... All the traditional tools of statutory interpretation persuade us that § 1981 follows the usual rules, not any exception. To prevail, a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right.")

6. Finally, and to the extent that any of Plaintiff's allegations against Olson could be construed as state law claims, those must likewise be dismissed pursuant to the absolute attorney litigation privilege. *Golden v. Mullen,* 295 Ill.App.3d 865 (1st Dist. 1997); *O'Callaghan v. Satherlie*, 2015 IL App (1st) 142152; *Scarpelli v. McDermott Will & Emery, LLP*, 2018 IL App (1st) 170874; *Semmerling v. Bormann*, 840 Fed.Appx. 869 (January 5, 2021).

7. For all of these reasons, and as set forth more fully in Olson's Memorandum of Law in Support of her Motion to Dismiss, Plaintiff's Amended Complaint should be dismissed with prejudice as to Defendant Olson.

**WHEREFORE**, Defendant, MEGAN M. OLSON, respectfully requests this Court dismiss Plaintiff's Complaint with prejudice and award her all such other and further relief this Court deems just and reasonable under the circumstances.

Respectfully submitted,

/s/ Daniel F. Konicek
Attorneys for Defendant Megan M. Olson

3

Daniel F. Konicek, #6205408
Taylor A. McGee, #6349805
KONICEK & DILLON, P.C.
21 W. State Street
Geneva, IL 60134
630-262-9655
dan@konicekdillonlaw.com
taylor@konicekdillonlaw.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on **August 27, 2025**, I electronically filed the foregoing **DEFENDANT MEGAN M. OLSON'S MOTION TO DISMISS** using this Court's EM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification, and served a copy of the same, via First Class Mail, to:

LaQuita Walker
P.O. Box 2073
Joliet, IL  60436

/s/ Daniel F. Konicek